By the Court:
Original section eighty-six of the administration act of March, 23, 1840 (S. & C.’s Stat. 617, sec. 263), provided that if the executor or administrator doubts the justice of any claim presented to him, he may enter into an agreement, in writing, with the claimant, to refer the matter in controversy to three disinterested persons to be approved of, in case the claim exceeded one hundred dollars, by one of the associate judges of the county.
The eighty-eighth section of the same act (S. & C.’s Stat. 582), provides that upon filing the agreement of reference and the approval of the judge, with the elerh of the court of common pleas, he shall docket the cause and enter a rule referring the matter in controversy to the persons so selected.
The eighty-ninth section makes it the duty of the referees to proceed to hear and determine the matter, and make their report thereon to the “said court,” and authorizes the court to set aside or confirm the report and adjudge costs, and declares that the judgment of the court thereupon shall be valid,and effectual, etc.
“The court” mentioned in these several sections, is the court of common pleas.
After the constitution of 1851 took effect, and the office of associate judge of the court of common pleas ceased, it became necessary to have some other authority approve the referees. Accordingly the act of March 19, 1852, amending the administration act was passed (S. & O.’s Stat. 617, secs. 262 and 263), repealing the original section eighty-six, and re-enacting it with the exception that, instead of providing for the approval of the referees by one of the associate judges, the provision is that “ the referees shall be approved of by the probate judge of such county.” No other change was made.
• In the present case, then, when the probate judge approved of the referees his duty and authority in the matter ended. The agreement and the approval of the probate judge should have been filed with the clerk of the court of common pleas, *176 and the matter proceeded with as it would have been before the office of associate judge was abolished.
Erom this, it follows that the report of the referees to the probate court, and the action and judgment of that court upon it, wore without authority of law.
The court of common pleas properly reversed that judgment, and its judgment of reversal must be affirmed.
Judgment accordingly.